UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

KASANDRA ANN SMITH,

                                      Plaintiff,          DECISION & ORDER
                                                                   19–CV–194–MJP

vs.

ANDREW SAUL,
*Commissioner of Social Security*,

                                      Defendant.
_____

## INTRODUCTION

**Pedersen, M.J.** Kasandra Ann Smith ("Plaintiff") brings this action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act (the Act). Pursuant to 28 U.S.C. § 636(c) the parties have consented to the disposition of this case by a United States magistrate judge. (ECF No. 15.)

Presently before the Court are cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (ECF Nos. 12 & 13.) For the reasons set forth below, this matter must be remanded for a rehearing.

## PROCEDURAL BACKGROUND

Plaintiff was born on January 25, 1984. (R.[1] 29.) She has a limited education and completed tenth grade but did not earn her GED. (R. 29, 50, 392, 477.) She has four children who do not reside with her. (R. 46.) She is engaged and resides with her fiancé. (R. 46.) Her past work included cafeteria worker, fast food worker, and grocery store worker. (R. 178–216, 237–44.) On June 25, 2015, Plaintiff protectively filed her SSI application alleging disability based on lupus, degenerative disk disease, permanent nerve damage, uterus problems, high blood pressure, morbid obesity, weight gain, skin sensitive-sun exposure, leg nerve problems, borderline personality disorder, PTSD, anxiety, and panic attacks (R. 172–77, 196.) Her application was denied initially. She requested a hearing, and following a hearing, the Administrative Law Judge ("A.L.J.") issued a decision on March 16, 2018, finding Plaintiff not disabled (R. 12–31, 38–71, 110–15.) The Appeals Council denied Plaintiff's request for review (R. 1–6.) The A.L.J. decision thus became the "final decision" of the Commissioner subject to judicial review under 42 U.S.C. § 405(g.) This action followed.

## STANDARD OF REVIEW

Title 42 U.S.C. § 405(g) grants jurisdiction to district courts to hear claims based on the denial of Social Security benefits. Section 405(g) provides that the District Court "shall have the power to enter, upon the pleadings and

---

[1] "R." refers to the record of proceedings from the Social Security Administration, filed on February 5, 2019, ECF No. 8.

2

transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g) (2007). It directs that when considering a claim, the Court must accept the findings of fact made by the Commissioner, provided that such findings are supported by substantial evidence in the record. Substantial evidence is defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); see also *Metro. Stevedore Co. v. Rambo*, 521 U.S. 121, 149 (1997).

To determine whether substantial evidence supports the Commissioner's findings, the Court must "examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Brown v. Apfel*, 174 F.3d 59, 62 (2d Cir. 1999) (quoting *Mongeur v. Heckler*, 722 F.2d 1033, 1038 (2d Cir. 1983) (*per curiam*).) Section 405(g) limits the scope of the Court's review to two inquiries: whether the Commissioner's findings were supported by substantial evidence in the record, and whether the Commissioner's conclusions are based upon an erroneous legal standard. *Green–Younger v. Barnhart*, 335 F.3d 99, 105–06 (2d Cir. 2003); *see also Mongeur*, 722 F.2d at 1038 (finding a reviewing court does not try a benefits case *de novo*.)

3

A person is disabled for the purposes of SSI and disability benefits if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) & 1382c(a)(3)(A.) In assessing whether a claimant is disabled, the A.L.J. must employ a five–step sequential analysis. *Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982) (*per curiam*.) The five steps are:

> (1)   whether the claimant is currently engaged in substantial gainful activity;
>
> (2)   if not, whether the claimant has any "severe impairment" that "significantly limits [the claimant's] physical or mental ability to do basic work activities";
>
> (3)   if so, whether any of the claimant's severe impairments meets or equals one of the impairments listed in Appendix 1 of Subpart P of Part 404 of the relevant regulations;
>
> (4)   if not, whether despite the claimant's severe impairments, the claimant retains the residual functional capacity [("RFC")] to perform his past work; and
>
> (5)   if not, whether the claimant retains the [RFC] to perform any other work that exists in significant numbers in the national economy.

20 C.F.R. §§ 404.1520(a)(4)(i)–(v) & 416.920(a)(4)(i)–(v); *Berry v. Schweiker*, 675 F.2d at 467. "The claimant bears the burden of proving his or her case at steps one through four[;] . . . [a]t step five the burden shifts to the Commissioner to 'show there is other gainful work in the national economy

4

[which] the claimant could perform.'" *Butts v. Barnhart*, 388 F.3d 377, 383 (2d Cir. 2004) (quoting *Balsamo v. Chater*, 142 F.3d 75, 80 (2d Cir. 1998).)

## ANALYSIS

Plaintiff claims that the A.L.J. improperly used selective reading of evidence and opinions and that he failed to include a well-supported alternate sit stand option, as well as off-task and missed work limitations, resulting in a residual functional capacity ("RFC") finding unsupported by substantial evidence. (Pl.'s Mem. of Law at 16, ECF No. 12.)

The A.L.J. accorded "some" weight to treating doctor, Nancy Ciavarri, M.D., but failed to adopt the limitations Dr. Ciavarri recommended, such as a sitting limitation, and limitations that supported off-task and missed work time. (R. 27–28, 2480–88.) In July 2015, March 2016, September 2016, July 2017, and October 2017, Dr. Ciavarri completed a medical examination of Plaintiff for employability assessment, disability screening, and alcoholism/drug addiction determination for Orleans County Department of Social Services ("OCDSS"). (R. 2480–81, 2483–84, 2486–86, 2492–93.) Dr. Ciavarri found her moderately or very limited in lifting, carrying, pushing, pulling, bending, and stairs or climbing, and moderately limited in standing, walking, and sitting. (R. 2479, 2481, 2484, 2487, 2493.) She found moderate limitations in maintaining attention and concentration and functioning at a consistent pace. (R. 2479, 2481, 2484, 2487, 2493.) In addition, in July 2015, Dr. Ciavarri found she was unable to do heavy lifting, bending, and determined Plaintiff could not carry more than ten pounds. (R. 2493.) In March and

5

September 2016, Dr. Ciavarri determined Plaintiff was unable to do repetitive lifting and bending, or prolonged walking, sitting, and standing. (R. 2487, 2484.) In July 2017, Dr. Ciavarri concluded Plaintiff was unable to walk, climb stairs, lift, and bend. (R. 2481.) In October 2017, Dr. Ciavarri determined that: Plaintiff would likely decompensate in a high stress environment; she emotionally needed a supportive environment; and she should avoid repetitive heavy lifting, bending, and climbing. (R. 2479.)

An A.L.J. must consider all pertinent medical evidence in the record regarding a plaintiff's impairments and must explain why he relied on certain opinions of record and not on others. *Shaw v. Chater,* 221 F.3d 126, 135 (2nd Cir. 2000.) "Accordingly, an A.L.J. who chooses to adopt only portions of a medical opinion must explain his or her decision to reject the remaining portions." *Raymer v. Colvin*, No. 14-CV-6009P, 2015 WL 5032669, *5 (W.D.N.Y. Aug. 25, 2015) (citations omitted); *see also Caternolo v. Astrue*, 6:11-CV-6601 (MAT), 2013 WL 1819264, *9 (W.D.N.Y. Apr. 29, 2013.) In the instant case, the A.L.J. accorded "some" weight to the opinions of Plaintiff's treating doctor, Dr. Ciavarri, but failed to adopt limitations such as a sitting limitation, and limitations that support off-task and missed work time. (R. 27–28, 2480–88.)

Moreover, "[w]hen a medical opinion stands uncontradicted, '[a] circumstantial critique by non-physicians, however thorough or responsible, must be overwhelmingly compelling in order to overcome' it." *Giddings v.*

6

*Astrue*, 333 Fed. App'x 649, 652 (2d Cir. 2009) (summary order) (quoting *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 862 (2d Cir. 1990)). An A.L.J. also may not use his own lay opinion against the expertise of a doctor's opinion. ("The A.L.J. 'is free to resolve issues of credibility as to lay testimony or to choose between properly submitted medical opinions, he is not free to set his own expertise against that of a physician who submitted an opinion or testified before him.'"); *see Balsamo v. Chater*, 142 F.3d 75, 81–82 (2d Cir. 1998); *see also Rosa v. Callahan,* 168 F.3d 72, 78 (2nd Cir. 1999)*; Goldthrite v. Astrue*, 535 F. Supp. 2d 329, 339 (W.D.N.Y. 2008); *Frankhauser v. Barnhart*, 403 F. Supp. 2d 261 (W.D.N.Y. 2005.) Here, Hongbiao Liu, M.D., did not provide any opinion related to sitting or standing ability, and there is no medical opinion besides Dr. Ciavarri's regarding Plaintiff's moderate limitations in sitting and standing. Because the A.L.J. relied upon no medical opinion when determining the RFC with regards to sitting and standing limitations, it appears the A.L.J. used his own lay opinion to disregard Dr. Ciavarri's opinion. Plaintiff's MRI showed she had a disc issue: "left paracentral and foraminal disc protrusion at L5-S1 resulting in severe left neural foraminal narrowing and chronic compression fracture deformity of T11 without retropulsion." (R. 345, 1641). Dr. Ciavarri stated that prescriptions of Oxycodone were not a long-term solution, and Plaintiff's disc issue was not responsive to injection. (R. 1677). The MRI in of itself does not support or discount the medical opinion. Further, although the MRI exams appear to

7

support limitations and Dr. Ciavarri's treatment, and Plaintiff's reported limitations, the A.L.J. did not discuss any of this evidence beyond merely stating the medical results. (R. 25.)

If there is no supportive functional assessment from a physician, the RFC can still be supported by substantial evidence, including treatment notes and Plaintiff's own testimony. *See Johnson v. Colvin*, 669 F. App'x 44 (2d Cir. 2016) (summary order); *see also Monroe v. Colvin*, 676 F. App'x 5 (2d Cir. 2017) (summary order) (court found substantial evidence supported A.L.J.'s RFC for unskilled work, despite lack of supportive functional assessment from medical source. For substantial evidence, Court cited normal mental status findings and extensive activities, including vacations and outdoor recreation.)

However, because the consultative examiner did not provide any opinion related to Plaintiff's sitting or standing ability, and there is no medical opinion besides Dr. Ciavarri's that opines Plaintiff had an ability or an inability to sit and stand during the work day, the A.L.J. appears to have used his own lay opinion to disregard Dr. Ciavarri's medical opinion regarding Plaintiff's limitations on sitting and standing. Because a more severe sitting and standing requirement could exclude Plaintiff from sedentary work, this error requires a remand for further proceedings.

## CONCLUSION

For the foregoing reasons, the Court grants Plaintiff's motion for judgment on the pleadings (ECF No. 12) and denies the Commissioner's motion for judgment on the pleadings (ECF No. 13.) The Court remands the case

pursuant to the fourth sentence of 42 U.S.C. § 405(g) for a new hearing. Finally, the Court directs the Clerk of the Court to enter judgment in favor Plaintiff and close this case.

**SO ORDERED**.

DATED:   September 21, 2020
                Rochester, New York

_____
MARK W. PEDERSEN
United States Magistrate Judge